In the Matter of DAVID R. COHEN et al., Appellants, *v.* THEODORE H. LANG et al., Constituting the Civil Service Commission of the City of New York, Respondents.

First Department, June 16, 1964.

*A. Bernard King* for appellants.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondents.

*Per Curiam.* This is an appeal from a judgment dismissing the petition in an article 78 proceeding brought with respect to the classification by the New York City Civil Service Commission of the positions of the petitioners as attorneys now employed in the offices of the New York City Rent and Rehabilitation Administration.

In connection with the transfer of rent control from State auspices to the New York City administration, provision was made for the absorption of certain of the State employees by the city rent agency. In this connection, it was expressly provided (L. 1962, ch. 21, § 1, subd. 14): "Such officers and employees shall be transferred to similar or corresponding positions in such city housing rent agency, without further examination or qualification, and shall retain their respective civil service jurisdictional classifications and status."

To carry out the statutory directive for the transfer and placing of State employees into positions in the city service, due consideration was required to be given to: (1) The job or position titles in the respective services; (2) The descriptions of duties and responsibilities under the various titles in the respective services; (3) The actual survey of on-the-job work performed by petitioners in the State service with the matching of the same to duties and responsibilities under a particular city position title; and (4) The salaries allocated to the various positions in the respective services.

The action by the commission in reclassifying the positions of these petitioners appears to have been made principally, if not solely, on the basis of a comparison of the State and city job descriptions without due regard to the other relevant factors. In this respect the action of the commission was arbitrary, unreasonable and contrary to law.

A comparison of the job descriptions (details as to duties and work) for the positions under the titles of senior attorney and attorney in the former State service with job descriptions for the titles adopted by the City Civil Service Commission, including its titles of senior attorney, attorney and assistant attorney, show that there did not exist exact equivalencies between titles in the State service and titles in the present city service. Consequently, there can be no justification for the transfer en masse of all of the State employees holding titles of senior attorney and attorney respectively into the city agency positions of attorney and assistant attorney unless, of course, the proper on-the-job work and responsibilities of each and every one of the employees in the State service fell within the

job descriptions for the city agency positions to which they were transferred.

The mandate for the placing of the petitioners in " similar or corresponding positions " in the city service required that due consideration be given to the duties and work properly performed by each employee under the title of his particular position in the State service. The commission, recognizing this as an important factor for consideration, solicited answers to questionnaires submitted to the employees and undertook an on-the-job survey or desk audits of their work. Thereupon, the commission was required to consider each employee on an individual basis with a view to placing him in that city agency position embracing duties and responsibilities equivalent to his on-the-job work and duties in the State service. It is true that the commission was bound to disregard an employee's on-the-job work which was " out-of-title " (see *Matter of Niebling* v. *Wagner,* 12 N Y 2d 314) but the test to be applied was whether or not the work of the employee was " out-of-title " for the position occupied by him in the State service.

It appears that the several desk audits did reveal that at least some of the petitioners, holding the title of senior attorney in the State service, were performing duties and work of a character called for by the position of senior attorney in the city service, and also that at least some of the petitioners, holding the title of attorney in the State service were performing duties and work of a character called for in the position of attorney in the city service. The commission, however, in its reclassification of the positions of the petitioners, placed all those petitioners who were senior attorneys in the State service into the city agency position of attorney, and placed all those petitioners who were attorneys in the State service into the city agency position of assistant attorney. As aforestated, this was done upon the ground that job descriptions for the city agency titles of attorney and assistant attorney were the equivalents of the job descriptions for petitioners' former State titles of senior attorney and attorney, respectively, the commission concluding that insofar as the on-the-job work of the respective petitioners exceeded the duties pertaining to the respective city agency titles assigned to them, such work was " out-of-title ". This general conclusion reached in all cases without exception is not, however, supported by the record, or, in any event, there are issues in regard thereto which are not resolved. In fact, it appears by the affidavit of the Deputy State Rent Administrator and Counsel to the Temporary State Housing Rent Commission,

that the work performed by each of the petitioners listed as senior attorney in the State service was in conformity with the job description for senior attorney in such service and that the work of each of the persons listed as an attorney in the State service was in conformity with the job description for attorney as listed in such service; and that none of the petitioners listed in the titles of senior attorney and attorney in the State service were working out-of-title at the time of transfer to the city rent agency.

The petition, answer and reply do present issues of fact but, as heretofore pointed out, it is sufficiently apparent from the record that the action of the commission in reclassifying the respective positions of the petitioners was unreasonable, arbitrary and contrary to law. Therefore, it is unnecessary to remand the matter to Special Term for trial of the issues. The action of the commission should be annulled and the matter remitted to it for further consideration to the end that it may properly exercise its prerogative in the premises. Upon reconsideration, the basis for the conclusion of the commission in the case of each employee should be fully set forth in order that, if the action of the commission should be questioned in any case, the court will have a proper record for a determination of whether or not the commission has exercised its powers reasonably and in conformity with law.

The judgment should be reversed, on the law and the facts, with costs to the petitioners-appellants, and judgment granted in favor of the petitioners-appellants directing that the respondent, Civil Service Commission of the City of New York, reconsider the matter of the classification of the respective positions of the several petitioners in light of this opinion.

BOTEIN, P. J., BREITEL, STEVENS, EAGER and STEUER, JJ., concur.

Judgment unanimously reversed, on the law and the facts, with costs to the petitioners-appellants, and judgment granted in favor of the petitioners-appellants directing that the respondent, Civil Service Commission of the City of New York, reconsider the matter of the classification of the respective positions of the several petitioners in light of the opinion *Per Curiam* of this court filed herein.